

**FILED**

May 23, 2013

MAY 3 0 2013

GRANT PRICE
CLERK, U.S. BANKRUPTCY COURT
WESTERN DISTRICT OF OKLAHOMA
BY: _____ DEPUTY

The Honorable Sarah A. Hall, Chief Judge
U.S. Bankruptcy Court
Western District of Oklahoma
215 Dean A. McGee Avenue, Suite 147
Oklahoma City, OK 73102

RE:   Pauls Valley Hospital Authority (PVHA) Chapter 9 Bankruptcy (Case No 13-10791)

Dear Judge Hall,

The Unsecured Creditors' Committee ("Committee") for Pauls Valley Hospital Authority's Chapter 9 bankruptcy case is requesting your assistance regarding reasonable requests made to Debtor through its counsel. The Committee has submitted two requests for assistance to Debtor, through its counsel (correspondence attached), which have been rejected.

1. Request for financial information regarding the Debtor's pre-petition and post-petition operations and business prospects.

2. Request for Debtor's reasonable assistance with attorneys and other professional fees.

Regarding the financial information request, the relevant documents are reasonable and customary for creditors to review in bankruptcy cases and otherwise. These documents are easily produced and are currently maintained within Pauls Valley General Hospital's (PVGH) financial information systems. In fact, these documents are generally produced and disclosed during public Governing Board meetings. Therefore, they are not confidential, nor proprietary, nor do they meet any exceptions to governmental entity public document laws, and therefore should be available to the public.

Additionally, the Committee has requested the Debtor's reasonable assistance with attorneys fees, and other professional fees (typically a Certified Public Accountant). Presently the Committee represents unsecured creditors holding approximately $5 million in unsecured debt, of PVHA/PVGH's total $8 million debt; so we should be a significant participant in this case. Unfortunately, the unsecured pool is spread among many creditors with relatively small claims. The Committee members, and a majority of the entire unsecured creditors, are small businesses and practicing professionals. Relative to the size of their claims, the Committee members lack the resources to retain professional advice. As you can imagine, without counsel, the Committee cannot realistically function in this case.

Although we understand that there is widespread belief that Committee counsel fees do not need to be paid from a bankruptcy estate in Chapter 9, it is difficult for us to imagine that Congress would design a system that included a Committee, but then set it up for failure for lack of a reasonable means of funding. It is also our understanding that some courts have required



Chapter 9 debtors to pay Committee's fees as a condition of plan confirmation, including the *Castle Pines* case out of Colorado, 129 B.R. 233.

As you can discern from the attached correspondence between the Committee and Debtor's counsel, the Committee's reasonable requests have been deflected. The Committee respectfully requests your review and consideration of these matters, and the scheduling a conference at which we might explore possible solutions to our concerns.

Respectfully,

D. Christopher Whybrew, Chairman
PVHA Unsecured Creditors' Committee

1215 W. Edgewater Place
Broken Arrow, OK 74012

cc.  Gary M. McDonald, Esq.
    Chad J. Kutmas, Esq.
    McDonald, McCann, Metcalf, and Carwile, LLP
    15 East 5th Street, Suite 1800
    Tulsa, OK 74103

    Charles E. Snyder, Esq.
    Office of the United States Trustee
    215 Dean A. McGee Ave., Room 408
    Oklahoma City, OK 73102

Attachments:

    April 9, 2013 Letter to Chad Kutmas
    April 23, 2013 Response from Chad Kutmas
    April 25, 2013 Email to Chad Kutmas with attached letter
    April 25, 2013 Response to Chad Kutmas attached to April 25 email
    May 3, 2013 Response from Chad Kutmas

April 9, 2013

Chad J. Kutmas
McDonald, McCann, Metcalf & Carwile, LLP
15 East 5th Street, Suite 1800
Tulsa, OK 74103
**Via E-mail: ckutmas@mmmsk.com**

RE: Pauls Valley Hospital Authority Chapter 9 Bankruptcy (Case No. 13-10791)

Dear Mr. Kutmas,

As you may know, I am the Chairperson of the Official Unsecured Creditors' Committee in the referenced Chapter 9 case. The Committee has recently had its initial organizational meeting, and now needs to employ qualified legal counsel to fully organize itself and receive professional legal advice regarding this bankruptcy case.

It is our understanding that there is some question in the bankruptcy law as to whether the Debtor's resources must be made available to compensate Committee counsel in a Chapter 9 case. Since the Committee has a fiduciary obligation when representing the Debtor's unsecured creditors, we are asking, in the interest of fairness and an orderly resolution of this case, that the Debtor agree to provide assistance for the Committee's reasonable legal and professional fees.

In this particular case, the Committee represents approximately 410 unsecured creditors holding approximately $3 million - $3.5 million in unsecured debt from the Pauls Valley Hospital Authority (PVHA) and Pauls Valley General Hospital (PVGH). This debt equals approximately 35 - 41% of PVHA/PVGH's total $8.5 million debt. Of the five Committee members, three provide professional services to PVGH and one is a private individual. Given the nature of the persons serving on the Committee, and the size of their claims, the Committee lacks the necessary financial resources to engage qualified legal counsel.

The Committee members would also like to reiterate that they are only creditors because they relied on the Debtor's management company, St. Anthony's Hospital's, assurances that they would be paid, and would be paid timely.

In light of these circumstances, the Committee is respectfully requesting that the Debtor agree to fund reasonable attorney's fees for Committee counsel and professional fees so that the Committee may participate meaningfully in this case, as it might in a Chapter 11 case. We are willing to discuss a reasonable funding cap with you and the Debtor.

In addition, the Unsecured Creditors' Committee would also like to request the following initial information from the Debtor:

1. A list of all creditors (secured and unsecured) who were paid and the respective amounts paid during the 90 days prior to Debtor's Chapter 9 bankruptcy filing on March 1, 2013.
2. Complete audit reports, including, but not limited to, audited financial statements, auditor notes, and audit letters for the previous two fiscal years.
3. Monthly income statements for the most recent twelve months.
4. Monthly balance sheets for the most recent twelve months.
5. Monthly statements of cash flows for the most recent twelve months.

6. Any PVGH/PVHA business and property valuations performed in the past two years, by any third party, including St. Anthony's Hospital, SSM Healthcare, and their representatives, consultants, etc.

Thank you in advance for your assistance, and specifically, for consideration of the Committee's request for legal and professional fees. Please submit the information requested in items 1-6 above via email to chriswhybrew@aol.com. A response by April 23, 2013 would be appreciated.

Sincerely,

Chris Whybrew, Chairman
PVHA Chapter 9 Unsecured Creditors' Committee

1215 W. Edgewater Place
Broken Arrow, OK 74012
chriswhybrew@aol.com

cc.  Robert Rader, MD – Mark 5 Care Group, PLLC
     Derek Michael, RPT – Connect Health Professionals, LLC
     Mike O'Keefe – Total Medical Personal Staffing
     Jeffrey Downey – Chickasaw Telecom, Inc.



# McDonald | McCann | Metcalf | Carwile
ATTORNEYS AND COUNSELORS

**Chad J. Kutmas**
Direct 918.430.3705
ckutmas@mmmsk.com

April 23, 2013

**VIA EMAIL AND REGULAR MAIL**

Christopher Whybrew
1215 W. Edgewater Place
Broken Arrow, OK 74012

   RE: Matter of Pauls Valley Hospital Authority; Case No. 13-10791; Pending in the
      United States Bankruptcy Court for the Western District of Oklahoma.

Dear Mr. Whybrew:

  We have received your letter dated April 9, 2013, making certain requests to the Pauls Valley Hospital Authority ("Hospital Authority") in your capacity as chairman of the Official Committee of Unsecured Creditors ("Committee"). We have carefully considered your requests and note our responses by way of this letter.

  As you recognize, there is no requirement that a debtor pay for counsel to a committee in a Chapter 9 case. While we appreciate that the Committee may need counsel in this case, the Hospital Authority is not in a financial position to agree to even a modest monthly funding cap as you propose in your letter. Indeed, we filed a motion early in the case seeking a determination that no healthcare ombudsman be appointed based in large part on the potential burdensome cost of paying for the services of such professional as part of the case. If, as you note in your letter, none of the members of the Committee have "the necessary financial resources to engage qualified legal counsel," perhaps the current members should allow more financially-secure representatives to undertake the fiduciary duties of representing the unsecured creditors as a class.

  Next, you request voluminous financial information from the Hospital Authority, including information going back for the past two years. There are specific bankruptcy rules that apply for making such requests, which must be presented and approved by the Court. *See generally* Fed. R. Bankr. P. 2004. This process ensures that a debtor is not overburdened with such requests while it focuses on the difficult task of reorganizing its business affairs and that any issues related to privileged documents can be addressed. The Hospital Authority, like all

April 23, 2013
Page 2

debtors in bankruptcy, is addressing multiple issues and does not have either the time or personnel to assemble and copy the documents and provide all the information you have requested. This is especially true in light of the general and unspecified nature of your requests. In addition, you have requested certain information that is confidential and proprietary and/or subject to confidentiality agreements with third parties. We would consider, however, retaining a third-party to undertake this process with respect to non-privileged documents if you and the other Committee members will bear the expense.

We also believe that your request for such information is premature and generally not relevant for the duties of the Committee in this Chapter 9 case. The information you requested is generally provided in some form as part of a debtor's disclosure statement in order to allow creditors to have sufficient information to vote either to accept or reject a debtor's plan. And unlike a Chapter 11 case, the debtor is the only party who may propose a plan to pay creditors. Thus, the information sought is not required for the Committee to propose a competing plan, etc.

We further note that you were for a period of time the chief executive officer of the hospital, which is very unusual as a member of a committee in bankruptcy, and possess a wealth of information related to the financial condition of the Hospital Authority and possibly even have much of the information you have requested in your possession. For all of these reasons, we respectfully decline to provide you with the information you seek at this time. We will consider your request at a later date when the Hospital Authority is in a position to propose a plan for consideration of creditors.

We look forward to working with the Committee in this Chapter 9 case. Hopefully, you can appreciate the Hospital Authority's difficult financial condition and work cooperatively with the Hospital Authority to ensure a successful reorganization. Should you have any questions or concerns regarding any of these matters, please feel free to contact us anytime.

Very truly yours,

Chad J. Kutmas of
McDONALD, McCANN, METCALF & CARWILE, LLP

CJK:hd
cc:   Tim Gamble (via email)
      Jay Carlton (via email)
      Gary McDonald (via email)
      Bridget Cosby (via email)
      Donna Henson (via email)

Subj:   **Re: PVHA Chapter 9 Bankruptcy - Unsecured Creditors Committee Letter**
Date:   4/25/2013 6:25:28 P.M. Central Daylight Time
From:   chriswhybrew@aol.com
To:     CKutmas@mmmsk.com
CC:     GMcDonald@mmmsk.com

Mr. Kutmas,

Attached is the Unsecured Creditors' Committee response to April 23, 2013 letter, related to the PVHA Chapter 9 Bankruptcy, along with your initial reply for reference.

Furthermore, we understand that there is a second buyer for PVGH. The article (linked below) in today's, April 25, 2013, Pauls Valley Daily Democrat indicates that the sale is proceeding due to an $800,000 turnaround related to several creditor contracts being renegotiated. What details can you provide the Unsecured Creditors' Committee regarding this second planned sale? Additionally, what information, and/or assurances can you provide to the Unsecured Creditors' Committee, regarding the unsecured creditors and their respective debts, in light of this second planned sale?

http://paulsvalleydailydemocrat.com/local/x1097434697/PVGH-seeks-ownership-through-new-suitor

Thank you in advance for your time and consideration.

Chris Whybrew, MBA, FACHE
918-859-5334
chriswhybrew@aol.com
http://www.linkedin.com/in/chriswhybrew
-----Original Message-----
From: Chad Kutmas <CKutmas@mmmsk.com>
To: Chris Whybrew <chriswhybrew@aol.com>
Cc: Gary McDonald <GMcDonald@mmmsk.com>; jcarlton <jcarlton@attysatlaw.com>; grealty <grealty@sbcglobal.net>; 'Bridget Cosby' (bcosby@pvgh.net) <bcosby@pvgh.net>; Donna Henson (dhenson@pvgh.net) <dhenson@pvgh.net>
Sent: Tue, Apr 23, 2013 9:11 am
Subject: RE: PVHA Chapter 9 Bankruptcy - Unsecured Creditors Committee Letter

Mr. Whybrew, please see the attached letter that is responsive to your earlier missive.

Chad J. Kutmas
McDonald | McCann | Metcalf | Carwile

**From:** Chris Whybrew [mailto:chriswhybrew@aol.com]
**Sent:** Tuesday, April 09, 2013 2:26 PM
**To:** Chad Kutmas
**Subject:** PVHA Chapter 9 Bankruptcy - Unsecured Creditors Committee Letter

Dear Mr. Kutmas,

Please find the attached letter from the Unsecured Creditors Committee related to the PVHA Chapter 9 bankruptcy case.

Thank you,
Chris
Chris Whybrew, MBA, FACHE
918-859-5334
chriswhybrew@aol.com
http://www.linkedin.com/in/chriswhybrew

April 25, 2013

Chad J. Kutmas
McDonald, McCann, Metcalf & Carwile, LLP
15 East 5th Street, Suite 1800
Tulsa, OK 74103
**Via E-mail: ckutmas@mmmsk.com**

RE: Pauls Valley Hospital Authority Chapter 9 Bankruptcy (Case No. 13-10791)

Dear Mr. Kutmas,

Thank you for your response dated April 23, 2013, which I received via your email. Regarding the Unsecured Creditor's Committee (Committee) request for legal fees, it is our understanding that there has been at least one instance – the *Castle Pines* case out of Colorado, 129 B.R. 233 – where a Chapter 9 Debtor has been required to pay the Committee's fees as a condition of plan confirmation.

Regarding your suggestion that Committee members step down from the Committee to allow more financially secure creditors to participate; it should be noted that the Committee is comprised of members who have the largest debts owed by Pauls Valley General Hospital (PVGH) and the Pauls Valley Hospital Authority (PVHA). In this case, a clear majority of the unsecured creditors are private individuals, professionals, and/or small businesses who, again, relied on assurances from PVGH, and PVHA, that their fees and other amounts owed would be paid. These individuals, professionals, and small businesses are carrying a heavy financial burden as a result of PVHA's bankruptcy filing.

Therefore, as a matter of fairness and good faith to these individuals, professionals, and small businesses, the Committee respectfully requests revisiting the decision, and submit a fair and reasonable proposal. Doing so could bring some much needed goodwill between PVGH and their vendors and professionals.

Regarding your characterization that the Committee' reasonable request for basic financial information as voluminous and overly burdensome, it should be noted that the majority of the reports requested are generally single page reports that are contained within PVGH's financial software. These reports are easily produced, and reproduced. Additionally, these reports are prepared monthly as part of the standard report package to the PVHG Governing Board and PVHA regular meetings. Therefore, there should be relatively little effort to produce these reports given that the information has already been compiled and is regularly reported in public meetings.

In addition, as you correctly stated in your letter, I personally was the CEO of PVGH, and I do have "expert" knowledge of these reports availability and the ease in which they may be transmitted to the committee. Thus the request for reports is reasonable, and the statement regarding the reports' availability is not conjecture or supposition. It is a known fact by me. Regarding your statement that, as the former CEO, I should already have knowledge of the financials; please note that I left in May 2011, therefore approximately two years has passed since my departure. Therefore I do not have accurate, up to date knowledge of the hospital's financial condition.

As you well know, PVGH is owned by the PVHA, a governmental entity. Therefore the information requested is public information. Again, as the former CEO of PVGH, the information requested, except for items 1 and 6, was presented in public Governing Board and PVHA meetings, and therefore is public information, not proprietary or privileged. As you know, the State of Oklahoma specifically sets forth what governmental documents are privileged. I do not recall any of the documents requested as falling in the privileged category.

Therefore, given that the documents requested are readily available, easily transmitted electronically (i.e. E-mail) and, are generally public information anyway, the Committee is reiterating its request for the following documents:

1. A list of all creditors (secured and unsecured) who were paid and the respective amounts paid during the 90 days prior to Debtor's Chapter 9 bankruptcy filing on March 1, 2013.
2. Complete audit reports, including, but not limited to, audited financial statements, auditor notes, and audit letters for the previous two fiscal years.
3. Monthly income statements for the most recent twelve months.
4. Monthly balance sheets for the most recent twelve months.
5. Monthly statements of cash flows for the most recent twelve months.
6. Any PVGH/PVHA business and property valuations performed in the past two years, by any third party, including St. Anthony's Hospital, SSM Healthcare, and their representatives, consultants, etc.

It is not the intention of the Committee to request information that is overly, or unreasonably, burdensome to produce. The Committee is aware that it cannot file a competing plan. Rather the Committee's position is, these reports are routine, they are readily available, and they are a basic, reasonable request of any creditor to a debtor. Details as to PVGH/PVHA's financial condition, contained within the requested reports, are essential to properly, and efficiently, evaluate any proposed plan(s).

The Committee has an additional request to meet with and ask questions of Mr. Tim Gamble, former Mayor of Pauls Valley, and former Chairman of PVHA by virtue of being Mayor, as well as the Chairman of PVGH Governing Board. Mr. Tim Gamble, per published press reports, was a key figure, by virtue of his publicly elected position, in the decision to pursue bankruptcy.

Alternatively, if we are not legally able to meet with Mr. Gamble, since he is no longer Mayor, then the Committee respectfully requests to meet with Vice Mayor, and Vice Chairman, Billy Riddle. The purpose of this meeting is to ask these individuals questions that will help the Committee learn more about the City/PVHA's reasons for filing the Chapter 9 Bankruptcy petition, and their intentions. The Committee has a strong desire to find a mutually beneficial solution to this matter.

Again, thank you for your response and for revisiting the committee's more than reasonable requests. We would appreciate receiving your response by May 3, 2013, including receipt of the requested documents.

Sincerely,

Chris Whybrew, Chairman
PVHA Chapter 9 Unsecured Creditors' Committee

1215 W. Edgewater Place
Broken Arrow, OK 74012
chriswhybrew@aol.com

cc.  Gary M. McDonald
     McDonald, McCann, Metcalf & Carwile, LLP
     15 East 5th Street, Suite 1800
     Tulsa, OK 74103

Continued next page.

cc.     Continued

<u>Unsecured Creditors' Committee (via E-mail)</u>
Robert Rader, MD – Mark 5 Care Group, PLLC
Derek Michael, RPT – Connect Health Professionals, LLC
Mike O'Keefe – Total Medical Personal Staffing
Jeffrey Downey – Chickasaw Telecom, Inc.



# McDonald | McCann | Metcalf | Carwile
ATTORNEYS AND COUNSELORS

**Chad J. Kutmas**
Direct 918.430.3705
ckutmas@mmmsk.com

May 3, 2013

**VIA EMAIL AND REGULAR MAIL**

Christopher Whybrew
1215 W. Edgewater Place
Broken Arrow, OK 74012

      RE:   Matter of Pauls Valley Hospital Authority; Case No. 13-10791; Pending in the United States Bankruptcy Court for the Western District of Oklahoma.

Dear Mr. Whybrew:

      We have received your letter dated April 25, 2013, and your email dated the next day renewing certain requests to the Pauls Valley Hospital Authority ("Hospital Authority") in your capacity as chairman of the Official Committee of Unsecured Creditors ("Committee") and making additional requests, including meeting with representatives of the Hospital Authority.

      As previously noted, the Hospital Authority does not have sufficient financial resources to pay the legal fees of the Committee. The Hospital Authority's decision on this issue is based upon the economics of the case, not a lack of good faith and fairness.

      With respect to your renewed request for certain documents of the Hospital Authority, we reiterate that there are specific rules the Committee must follow to obtain such documents. These rules ensure an orderly process and allow the parties to protect their rights. While it may be true that some of these documents you seek may be obtained because they are "public" documents, there are specific rules that govern access to such documents as well, which are set forth in the Oklahoma Open Records Act, Okla. Stat. tit. 51 §24(A).1 *et seq*. These rules likewise provide protection for the parties. The Committee may make formal requests for documents in compliance with these rules and the Hospital Authority will consider the same in due course.

      Next, you have requested to meet with certain members of the Hospital Authority. The members of the Hospital Authority have jobs in addition to their official duties and finding time for meeting with the Committee is a difficult task. Moreover, given the contentious nature of the current litigation and potential future litigation with more than one member of the Committee,

May 3, 2013
Page 2

there is a strong likelihood that such a meeting would not be productive. Like your request for documents, there are rules that apply for speaking with parties involved in a bankruptcy case. It is our opinion that the use of the procedures established by these rules would ensure fairness to both parties and limit the discussion to matters germane to the reorganization of the Hospital Authority.

As an alternative to your various requests, we are prepared, as counsel for the Hospital Authority, to have a monthly conference call and keep the Committee informed about the progress in the case. If this is something you would like to explore, we will have to work through the logistics of such conferences, including the execution of an appropriate confidentiality agreement between the parties.

Lastly, you have raised certain questions concerning a news report on April 25th in the Pauls Valley Daily Democrat. We can confirm that we have entered into an exclusivity agreement with a large healthcare provider, but such agreement requires the terms of the same to remain confidential. The report concerning an $800,000 turnaround is not clearly stated. The Hospital Authority's internal projections showed significant losses at the time of the news report, but the filing of the Chapter 9 case modified those projected losses and allowed the Hospital to be modestly cash positive.

We believe this addresses all of the issues you have raised. Please advise if you would like to have a conference call with us as set forth in detail above.

Very truly yours,

Chad J. Kutmas of
McDONALD, McCANN, METCALF & CARWILE, LLP

CJK:hd
cc:   Tim Gamble (via email)
       Jay Carlton (via email)
       Gary McDonald (via email)
       Bridget Cosby (via email)
       Donna Henson (via email)