IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:  )
 ) Chapter 9
PAULS VALLEY HOSPITAL AUTHORITY, ) Case No.: 13-10791
 ) Judge Hall
Debtor )

## SANTANDER BANK, N.A.'s OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF FINAL DECREE PURSUANT TO 11 U.S.C. §945(b), OR IN THE ALTERNATIVE MOVES TO DISMISS THIS ACTION PURSUANT TO 11 U.S.C. §936(A)

NOW INTO COURT COMES Santander Bank, N.A. (Movant) and hereby objects to this Court entering a Final Decree in this matter. The basis of this Objection is that the administration of this case is not complete as required by 11 U.S.C. §945, and in support thereof Movant shows as follows:

1. On February 2, 2016, this Court entered its Order Confirming the Debtor's Modified Plan of Adjustment [Doc. 336].

2. Included in said Plan is the following specific provision as concerns the arrangement for payment to Movant by Debtor which is set forth as follows:

> **9.2 Assumption of Sovereign Leasing, LLC Executory Contract**
>
> In June, 2014, Debtor and Sovereign Leasing, LLC a/k/a Santander entered into a Lease Modification and Extension Agreement which constitutes an assumption of the Sovereign Leasing, LLC lease. This contract pertains to two (2) McQuay Chillers that are leased by the Debtor. Such assumption is hereby recognized by the Debtor and this Plan constitutes a motion by Debtor to specifically assume the executory contract between it and Sovereign Leasing, LLC. Said contract will be assumed and payment will be made in accordance with the terms of the Lease Modification and Extension Agreement and that Second Lease Modification and Extension Agreement subsequently executed by the Debtor on January 27, 2016.

3. A copy of the Second Lease Modification Extension Agreement referenced in section 9.2 is attached to this Motion as Exhibit "1".

4. In the Court's Order Confirming the Plan, it "specifically reserves and retains jurisdiction to address such matters as may be properly vested in this Court in connection with the implication, consummation and administration of the Plan as confirmed".

5. The Debtor has failed to comply with the obligations created under Section 9.2 of the Order Confirming the Plan in that it has failed to make the required payments under the Second Lease Modification and Extension Agreement and is in default thereunder. All payments were to be made by the Debtor to Movant as of July 1, 2016 (see Exhibit "1" Section 2).

6. The Court may enter a Final Decree only if the Debtor has met the requirements under 11 U.S.C. §945. Per this Section, the Court shall only close a case when administration of a case has been completed. Movant submits that there has been no successful implementation of the Plan since it has failed to do what it was required to do under the Debtor's Plan of Reorganization. The Movant submits that until that happens, the Court is not in the position to enter a Final Decree in this matter.

7. In the alternative, Movant requests that this Court dismiss this case for cause pursuant to 11 U.S.C. §930(6)(A).

8. This Section is applicable in cases where there has been a confirmation of a Plan ordered as is the case before the Court, and there has been a material default by the Debtor in respect to the terms of such Plan.

9. As set forth above, the Debtor was specifically required to make certain lease payments to Movant. Those payments have not been timely made and the Debtor is presently in default of the same.

WHEREFORE, Movant respectfully requests that this Court not enter a Final Decree in this matter until such time as the Debtor has fully performed under its Plan obligations to Movant, or in the alternative, this Court dismiss this case for the same reasons pursuant to 11 U.S.C. §930(6)(A).

Respectfully submitted,

s/G. Rudy Hiersche, Jr.

G. RUDY HIERSCHE, JR. #4183
HIERSCHE LAW FIRM
Hightower Building, Suite 300
105 North Hudson
Oklahoma City, OK 73102
Telephone: (405) 235-3123
Facsimile: (405) 235-3142

*Attorney for Movant, Santander Bank, N.A.*

## CERTIFICATE OF SERVICE

This is to certify that, in addition to those served electronically by the ECF System, on the 20th day of September, 2016, a true and correct copy of this pleading was forwarded by U.S. Mail, first class, postage prepaid to the following who have requested notice:

DACA VI LLC
1565 Hotel Circle South Suite 310
San Diego, CA 92108

Hirchler Fleischer
PO Box 500
Richmond, VA 23218-0500

GE Healthcare Datex Ohmeda
,

GE Healthcare MDx
,

Eric S Goldstein
Shipman & Goodwin LLP
One Constitutiion Plaza
Hartford, CT 06103-1919

Joel S Treuhaft
Palm Harbor Law Group, P.A.
2997 Alternate 19, Suite B
Palm Harbor, FL 34683

Robert S Westermann
PO Box 500
Richmond, VA 23218-0500

Sheila deLa Cruz
PO Box 500
Richmond, VA 23218-0500

s/G. Rudy Hiersche, Jr.